Tracy L. Anielski, Esq. (SBN 140476)
LAW OFFICE OF TRACY L. ANIELSKI
11750 Treeview Place
San Diego, California 92131
Telephone: (858) 566-1877
Email:          tanielski@att.net

Attorney for Defendant
DISNEY WAY HOTEL PARTNERS, LLC,
a Delaware limited liability company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RAFAEL ARROYO,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DISNEY WAY HOTEL PARTNERS, LLC, a Delaware limited liability company; and DOES 1-10,<br><br>　　Defendants. | Case No. _____<br><br>NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 AND 1446 (FEDERAL QUESTION JURISDICTION) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

　　PLEASE TAKE NOTICE that Defendant DISNEY WAY HOTEL PARTNERS, LLC ("Defendant") hereby removes the state court action described below from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, Southern Division, on the basis of Federal Question Jurisdiction, 28 U.S.C. § 1331, and pursuant to 28 U.S.C. §§ 1441 and 1446.

1

1. On December 16, 2020, this action was commenced in the Superior Court of the State of California for the County of Orange, entitled *Rafael Arroyo v. Disney Way Hotel Partners, etc.*, et al., Case No. 30-2020-101174712-CU-CR-CJC (the "State Court Action").

2. The first date on which Defendant received a copy of the Complaint filed in the State Court Action was on or about December 30, 2020, when it was served by substitute service with a copy of the Complaint by Plaintiff. A copy of the Summons and Complaint received by Defendant is attached hereto as Exhibit A.

3. This Notice of Removal is timely under 28 U.S.C. §1446(b), because (1) a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b); (2) the thirty day period for removal does not begin to run until a party has received a copy of the Complaint and has been properly served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999); (2) the Complaint was served by substitute service on Defendant on December 30, 2020; (3) under California law and, specifically, Code of Civil Procedure section 415.20(b), service of the Complaint was not effective until ten days after service, or on January 9, 2021; and (3) the instant Notice of Removal is filed within thirty (30) days of Defendant's initial receipt of the Complaint, and within thirty (30) days of the effective date of service of the Complaint.

4. There are no other named defendants in the action and, therefore, the consent of other defendants to the removal of this action is not required.

5. <u>Intradistrict Assignment</u>: Pursuant to 28 U.S.C. § 1446(a), the proper venue for removal is "to the district court of the United States for the district and division embracing the place where such action is pending." As the United States District Court for the Central District of California, Southern Division embraces the

County of Orange, removal and assignment to this Court is proper. 28 U.S.C. § 84(c).

      6.    <u>Jurisdiction</u>: This Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, and the action is properly removable to this Court under 28 U.S.C. § 1441(b), on the following grounds:

        a.    The particular causes of action set forth in the Complaint include (1) Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. section 12101, et seq.; and (2) Violation of the Unruh Civil Rights Act (Cal. Civ. Code sections 51-53.

        b.    28 U.S.C. § 1331 provides that District Courts shall have original jurisdiction of all civil actions arising under the laws of the United States. Section 1441(a) provides for removal of any action in which the United States District Courts have original jurisdiction, and subdivision (c) allows for removal of the entire action, including claims arising under state laws. As this action is a civil action founded on a claim arising under federal laws, removal on the basis of federal question jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c).

        c.    This Court also has supplemental jurisdiction over Plaintiff's remaining state law claim pursuant to 28 U.S.C. § 1367(a). As with Plaintiffs' federal claim, Plaintiffs' state law claim is premised on allegations that Defendants violated California and/or federal law by discriminating against Plaintiff on the basis of his disability. Plaintiff's state and federal law claims are thus so related that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

      7.    Defendant has received no process, pleadings or orders in this action aside from the Complaint in the State Court Action. Pursuant to 28 U.S.C. §1446(a), Defendant has attached a copy of the Complaint to the within Notice as Exhibit A.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal with its attachments is being served on all parties of record, including all adverse parties, and will be filed with the clerk of the Orange County Superior Court promptly after the filing of this Notice of Removal.

Dated: January 29, 2021                LAW OFFICE OF TRACY L. ANIELSKI


By  s/Tracy L. Anielski
Tracy L. Anielski
Attorney for Defendant
DISNEY WAY HOTEL PARTNERS, LLC,
a Delaware limited liability company

**EXHIBIT A**

Electronically Filed by Superior Court of California, County of Orange, 12/16/2020 08:00:00 AM.
30-2020-01174712-CU-CR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.
Case 8:21-cv-00204 Document 1 Filed 01/29/21 Page 6 of 14 Page ID #:6

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE

| | |
|---|---|
| **Rafael Arroyo**, Plaintiff, v. **Disney Way Hotel Partners, LLC;** a Delaware Limited Liability Company; and Does 1-10, Defendants, | Case No. 30-2020-01174712-CU-CR-CJC **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act Assigned for All Purposes Judge Theodore Howard |

Plaintiff Rafael Arroyo complains of Disney Way Hotel Partners, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic. He uses a wheelchair for mobility.

2. Defendant Disney Way Hotel Partners, LLC, a Delaware Limited

1

Complaint

Liability Company owns and operates the SunCoast Park Hotel, Tapestry Collection by Hilton located at 1640 S. Clementine St., Anaheim, California currently and at all times relevant to this complaint.

3.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION:**

4.  This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendants because they conduct substantial business in the State of California, County of Orange, and Defendant's offending Website is available throughout California.

5.  Venue it proper in this Court because Defendant conducts business in this County.

6.  Unlimited jurisdiction is proper because Plaintiff seeks a permanent injunction ordering compliance with the Americans with Disabilities Act.

**PRELIMINARY STATEMENT**

7.  This is a lawsuit challenging the reservation policies and practices of a place of lodging. Plaintiff does not know if any physical or architectural

Complaint

barriers exist at the hotel and, therefore, is not claiming that that the hotel has violated any construction-related accessibility standard. Instead, this is about the lack of information provided on the hotel's reservation website that would permit plaintiff to determine if there are rooms that would work for him.

8. After decades of research and findings, Congress found that there was a "serious and pervasive social problem" in America: the "discriminatory effects" of communication barriers to persons with disability. The data was clear and embarrassing. Persons with disabilities were unable to "fully participate in all aspects of society," occupying "an inferior status in our society," often for no other reason than businesses, including hotels and motels, failed to provide information to disabled travelers. Thus, Congress decided "to invoke the sweep of congressional authority" and issue a "national mandate for the elimination of discrimination against individuals with disabilities," and to finally ensure that persons with disabilities have "equality of opportunity, full participation, independent living" and self-sufficiency.

9. As part of that effort, Congress passed detailed and comprehensive regulations about the design of hotels and motels. But, as importantly, Congress recognized that the physical accessibility of a hotel or motel means little if the 61 million adults living in America with disabilities are unable to determine which hotels/motels are accessible and to reserve them. Thus, there is a legal mandate to provide a certain level of information to disabled travelers.

10. But despite the rules and regulations regarding reservation procedures, a 2019 industry article noted that: "the hospitality sector has largely overlooked the importance of promoting accessible features to travelers."

11. These issues are of paramount important. Persons with severe disabilities have modified their own residences to accommodate their unique needs and to ameliorate their physical limitations. But persons with disabilities

are never more vulnerable than when leaving their own residences and having to travel and stay at unknown places of lodging. They must be able to ascertain whether those places work for them.

**FACTUAL ALLEGATIONS:**

12. Plaintiff planned on making a trip in September of 2020 to the Anaheim, California, area.

13. He chose the SunCoast Park Hotel, Tapestry Collection by Hilton located at 1640 S. Clementine St., Anaheim, California because this hotel was at a desirable price and location.

14. Plaintiff needs an accessible guestroom. He needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets. He needs sufficient maneuvering clearance in and around the guestroom. He needs accessories to be located within an accessible reach range. In short, he benefits from and needs compliant accessible guestroom features.

15. While siting bodily in California, Plaintiff went to the SunCoast Park Hotel, Tapestry Collection by Hilton reservation website at https://www.expedia.com/Anaheim-Hotels-country-inn-suites-by-radisson.h16169286.hotel-information/ seeking to book an accessible room at the location on September 16, 2020. The Hotel maintains an account with Expedia.com. Third-party booking at sites like Expedia.com is a service offered to SunCoast Park Hotel, Tapestry Collection by Hilton's customers. SunCoast Park Hotel, Tapestry Collection by Hilton is responsible for providing information about its services to its third-party partners and has control over the information provided. The SunCoast Park Hotel, Tapestry Collection by Hilton is aware Expedia.com presents information about its services and is aware, or should be aware, of the descriptions provided by

Expedia.com on its behalf.

16. Plaintiff found that there was little information about the accessibility of the rooms. For example, under the "Accessibility" tab it mentions features such as: "Accessible bathroom", "In-room accessibility", "Roll-in shower", and "Wheelchair accessible path to elevator". It further states: "If you have requests for specific accessibility needs, please contact the property using the information on the reservation confirmation received after booking." These vague and conclusory statements offer little detail. For example, there is no specific information on whether the desk/table in the room is accessible, if the sink is accessible, or if the room has accessible clear floor space.

17. The defendant's reservation system failed to identify and describe the accessible features in the guestroom chosen by the plaintiff in enough detail to reasonably permit him to assess independently whether the particular guestroom met his accessibility needs.

18. This lack of information created difficulty for the plaintiff and the idea of trying to book this room -- essentially ignorant about its accessibility -- caused discomfort for the Plaintiff.

19. Plaintiff would like to patronize this hotel but is deterred from doing so because of the lack of detailed information through the hotel's reservation system. Plaintiff not only travels frequently but is always on the lookout for businesses that violate the law and discriminate against him and other persons with disabilities, intending to have them comply with the law and pay statutory penalties.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

20. Plaintiff re-pleads and incorporates by reference, as if fully set forth

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.

21. Under the ADA, it is an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges advantages or accommodations to person with disabilities unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the those goods, services, facilities, privileges advantages or accommodations. See 42 U.S.C. § 12182(B)(2)(A)(ii).

22. Specifically, with respect to reservations by places of lodging, a defendant must ensure that its reservation system, including reservations made by "any means," including by third parties, shall:

    a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

    b. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

    c. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems.

*See* 28 C.F.R. § 36.302(e).

23. Here, the defendant failed to modify its reservation policies and procedures to ensure that it identified and described accessible features in the

Complaint

hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs and failed to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

25. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

26. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices.

27. Because the violation of the Unruh Civil Rights Act resulted in difficulty and discomfort for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

Dated: December 15, 2020          CENTER FOR DISABILTY ACCESS

By:_____
Russell Handy, Esq.
Attorneys for Plaintiff

8

Complaint

## **PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 11750 Treeview Place, San Diego, California 92131.

On January 29, 2021 I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 AND 1446 (FEDERAL QUESTION JURISDICTION)** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Zachary Best, Esq.
Amanda Seabock, Esq.
Center for Disability Access
8033 Linda Vista Road, Suite 200
San Diego, California 92111
amandas@potterhandy.com

[ X ] (**BY REGULAR MAIL**) I mailed such envelope(s) by depositing them in the United States mail at San Diego, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (**BY E-MAIL PURSUANT TO E-SERVICE RULES**) I transmitted the above-referenced documents to the recipient(s) by electronic service and e-mail pursuant to Code of Civil Procedure section 1010.6, California Rule of Court 2.251 and the Local Rules regarding electronic service.

[ ]  (**BY FACSIMILE**) I sent by facsimile to the following facsimile number:

[ ]  (**BY PERSONAL SERVICE**) I caused to be delivered in such envelope(s) by hand to the offices of the interested parties.

[ ]  (**STATE**) I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

[ X ] (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 29, 2021, at San Diego, California.

/s/Tracy L. Anielski